UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80145-CR-HURLEY(s)

UNITED STATES OF AMERICA,

        **Plaintiff,**

vs.

**MARCELINO BERDUO-LOPEZ,**

        **Defendant.**
_____/

**PRETRIAL DETENTION ORDER**

The Court, pursuant to 18 U.S.C. §3141 *et seq.*, commonly known as the Bail Reform Act of 1984, hereby **ORDERS** that Defendant, **MARCELINO BERDUO-LOPEZ**, be detained pursuant to the provisions of 18 U.S.C. §§ 3142(e) and (f). The Court specifically finds that no conditions or combinations of conditions will reasonably assure the safety of the community and the appearance of the Defendant. The Court makes the following findings of fact with respect to the order for detention.

Pursuant to the Defendant's request for a pretrial detention hearing, a hearing was held on March 18, 2009, in West Palm Beach, Florida. Representing the Government was Assistant United States Attorney Daniel Rashbaum. Representing the Defendant was David Joffe, Esq. At the time of the hearing the Defendant was

1

charged by Indictment with conspiracy to sex trafficking with children and to import an alien for immoral purposes; sex trafficking of children in violation of Title 18 United States Code Section 1591; creating a false document; possessing false immigration documents; aggravated identity theft; and reentry after deportation. The sex trafficking of children charge under section 1591 subjects the defendant to a mandatory minimum sentence of ten years imprisonment.  In its proffer, the Government stated that it was seeking detention on the basis of risk of flight and danger to the community.

### A.) The Presumption that no Condition or Combination of Conditions will Reasonably Assure The Defendant's Appearance as Required and the Safety of the Community Applies.

In relevant part, § 3142(e) of the Bail Reform Act provides that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under section . . . 1591 . . .

Id.  Defendant is currently charged with a qualifying offense.  This Court finds that there is probable cause to believe that the Defendant committed, as detailed below, offenses involving a minor victim under section 1591.  As such, the presumption for pretrial detention enunciated within 18 U.S.C. § 3142(e) applies. As discussed below,

2

Defendant has not rebutted this presumption.

> **B.) The Weight of the Evidence against the Defendant and the Nature and Circumstances of the Offense Charged pursuant to 18 U.S.C. § 3142(g)(1), (2).**

The weight of the evidence against the Defendant is overwhelming. According to the Government's proffer and the detention order from prior case number 08-08326-LRJ (DE 11 and GX 1)), which after dismissal was subsumed into the instant case, an FBI informant (CW) related that the Defendant was involved in false identification documents, child prostitution, and alien smuggling. The Defendant in a taped meeting with the CW offered her a fake green card and a "good" social security card. The Defendant was living with a 17 year old Guatemalan woman that he smuggled into the U.S., and used for prostitution. She is pregnant with the Defendant's child. A search of the Defendant's residence on November 26, 2008, revealed the Guatemalan minor and numerous fake identification cards. Another 15 year old female prostitute who had been traficked by the Defendant also identified him.

> **C.) The History and Characteristics of the Defendant Pursuant to 18 U.S.C. § 3142(g)(3).**

According to the Pretrial Services Report, **MARCELINO BERDUO-LOPEZ** was born in Guatemala in 1976. ICE records reflect he is a Mexican national named

Gregorio Sanchez Deleon.  The defendant is in the country illegally.  He faces several 2 year mandatory minimums and a 10 year mandatory minimum.  He has previously been deported.  He has used many aliases and dates of birth.  He has no assets of any significance in the US.  He has at least 15 arrests and convictions, including for hit and run accident and failure to appear.

### D.)  The Nature and Seriousness of the Danger to any Person or the Community that Would be Posed by the Defendant's Release Pursuant to 18 U.S.C. § 3142(g).

This Court finds that there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community, and the appearance of the Defendant.  Such finding is based on the following factors.

(1) Congress has created a presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under section . . . 1591 . . ."  § 3142(e) of the Bail Reform Act.  This Court finds that the above facts constitute probable cause to believe that the Defendant committed an offense involving a minor victim under section 1591, and as such the presumption applies.

(2) The criminal conduct of "perpetrators of child sexual abuse crimes . . . may reflect deep-seated aberrant sexual disorders that are not likely to disappear within a few years."  *United States v. Pugh*, 515 F.3d 1179, 1199 (11th Cir. 2008).

(3)  The weight of the evidence is overwhelming.

(4) The crimes with which he is charged are very serious.  They involve significant child trafficking for prostitution and identity theft.

(5) The likely sentence is substantial.

(6) The Defendant has few ties to the community.

(7) The Defendant's extensive criminal history.

The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assurance the Defendant's appearance as directed.  Accordingly, this Court **ORDERS** that **MARCELINO BERDUO-LOPEZ** be detained on the bases of danger to the community and risk of flight.

**IT IS, THEREFORE, HEREBY ORDERED** that **MARCELINO BERDUO-LOPEZ** be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Court

also directs that **MARCELINO BERDUO-LOPEZ** be afforded reasonable opportunity for private consultation with counsel, and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **DONE and ORDERED** in Chambers this 18 day of March, 2009, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
 JAMES M. HOPKINS
 UNITED STATES MAGISTRATE JUDGE

Copies to:
counsel of record
U.S. Marshal Service
U.S. Pretrial Services