UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-80145-CR-MARRA

UNITED STATES OF AMERICA

    Plaintiff,

v.

ELODIA CAPILLA DIEGO

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO PSI

Elodia Capilla Diego, Defendant herein, through undersigned counsel, files her Objections To PSI as follows:

## LEGAL OBJECTIONS

1. Defendant objects to the Probation Officer's conclusion in ¶40 of the PSI that the counts of conviction constitute separate harms and therefore cannot be grouped.

2. Defendant objects to the two level increase in ¶43 of the PSI, for the Defendant's undue influence on the minor victim to engage in prohibited

sexual conduct.

## ARGUMENT

### *Multiple Counts and Grouping*

According to the PSI, the Counts to which Defendant pled guilty constitute separate harms and therefore cannot be grouped. However, that conclusion is contra to the law in this Circuit.

Count I of the indictment in this matter charged Defendant with conspiracy to, among other things, recruit, entice, harbor, transport, provide, and obtain by any means a person knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1) and 1591(a)(2). Count IV charged the Defendant with the identical substantive offense as the conspiratorial object. Indeed, the conspiracy count alleged as overt acts, the commission of the substantive offense, as charged in Count IV. See, overt acts 19, 20, 21. Additionally, the intended victim in the charged conspiracy, as gleaned by the overt acts, was the same victim as alleged in Count IV of the indictment. As both counts involve the same victim as well as acts connected

2

by a common criminal objective, the counts, as a matter of law, involve substantially the same harm, pursuant to §3D1.2 of the Sentencing Guidelines. "As a matter of law, a conspiracy to commit a substantive offense will almost always have the same victims as the commission (or attempted commission) of that substantive offense, and so the two should almost always be grouped together under §3D1.2." *United States v. Williams*, 340 F.3d 1231, 1245 (11th Cir. 2003) (noting as well that this result is mandated by the commentary to the guidelines, at §3D1.2, cmt. n. 4).

Given the applicable law in this Circuit and the relevant guideline commentary, grouping of Counts in this matter is mandated. Thus, absent the multiple count adjustment in ¶61 of the PSI (level 36), the offense level should be 34.

### *Undue Influence On Minor To Engage In Prohibited Sexual Conduct*

The PSI concludes that the Defendant unduly influenced the minor victim to engage in prohibited sexual conduct. However, there is no factual basis from which this conclusion may be drawn.

In deciding the applicability of §2G1.3(b)(2)(B), "the court should closely

consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." §2G1.3(b) cmt. n. 3.  As well, there is a rebuttable presumption of undue influence when the participant is ten years older than the minor.  *Id.*

According to the relevant facts, based on the information contained in the PSI and the factual proffer on which the government relied at the Defendant's guilty plea, the person responsible for unduly influencing the minor victim (Y.B.) to engage in prohibited sexual conduct was her husband, co-defendant, Timoteo Reyes-Perez.  He was initially responsible for smuggling Y.B. into the United States for purposes of prostitution, which involved force, presumably at the hands of Reyes-Perez.  Notably, Y.B. was forced to prostitute herself while living in Atlanta, Georgia, at the behest of her husband, prior to any of the charged conduct in the present matter. While Defendant provided temporary housing for Y.B. and at times, drove her to different locations for purposes of prostitution, these facts alone are insufficient to warrant a finding that Defendant unduly influenced the minor victim to engage in prostitution.  It should be noted that the government's

proffer contained no representation or statement from victim Y.B. suggesting in any way that Defendant exerted any influence, by means of knowledge, resources, force or otherwise, on her to engage in prostitution. Indeed, by all accounts, Y.B. would have incurred the wrath of her husband if she declined to continue to engage in acts of prostitution rather than by Defendant.

In *United States v. Myers*, 481 F.3d 1107 (8th Cir. 2007), the Court affirmed the finding of the District Court that the defendant did not unduly influence the minor victim to engage in prohibited sexual conduct. Despite the defendant having engaged in unlawful sexual conduct with the minor, there was evidence that the minor was intending to run off with another man prior to her being aware of the defendant. This evidence was sufficient to overcome the rebuttable presumption of undue influence. *Id.* at 1112. Similarly, in the present case, the undue influence had already been exerted on the minor victim by her husband, who illegally brought her to the United States and forced her into prostitution prior to Defendant's participation. To be sure, there is insufficient record evidence to support the contention that Defendant unduly influenced the minor to participate in prohibited sexual conduct,

5

despite the rebuttable presumption to the contrary. Accordingly, the two level increase, pursuant to §2G1.3(b)(2)(B) should not apply, which would result in a total offense level of 29.

Based on a total offense level of 29 and criminal history category of 1, the advisory guideline imprisonment range is 87-108 months, resulting in a 120 month sentence mandated by the statutory minimum mandatory sentence.

## CONCLUSION

For the foregoing reasons, the Defendant's objections to the PSI should be granted and she should be sentenced accordingly.

Respectfully submitted,

ALLAN B. KAISER, P.L.L.C.
111 N.E. 1st Street, Ste. 902
Miami, FL 33132
Phone: 305-858-6070
Fax: 305-350-1915

By:/s/ Allan B. Kaiser
    Allan B. Kaiser
    Fla. Bar No. 594628

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on September 2, 2009, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, to be sent via transmission of Notices of Electronic Filing generated by CM/ECF for those counsel on the Service List in this case.

/s/ Allan B. Kaiser