UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
       Plaintiff,                        CASE NO.: 08-80145-CR-MARRA

v.

RAYMUNDA TORRES,
       Defendant.
_____/

## DEFENDANT OBJECTIONS TO PSI

COMES NOW the Defendant , through undersigned counsel, respectfully objects to the following material facts and guideline calculations set forth in the Presentence Investigation Report (PSI), pursuant to Rule 32, Fed. R. Crim. P. (as effective December 1, 2003), S. D. Fla. L. R. 88.8 and U.S.S.G., section 6A1.3 (b), for her sentencing, as follows:

PART A: THE OFFENSE

**Charge and Conviction and The Offense Conduct**

The Defendant rescued her daughter from prostitution by contacting the authorities in Atlanta and having her taken from the daughter's husband. The Defendant herself is a victim due to her husband and co-defendant and the culture she was raised in Mexico which puts women at risk for prostitution through their husbands.

**Role Assessment**

The Defendant objects to the PSR's failure to provide the defendant with a reduction for role assessement due to the facts as stated below.

PART C: OFFENDER CHARACTERISTIC'S

**Personal and Family Data**

See statement above under offender characteristics.

**Mental and Emotional Health**

See statement above under offender characteristics.

WHEREFORE, the Defendant moves the court for the entry of an order sustaining these objections and making the necessary adjustments to the PSI, or for such other relief as is appropriate under the Constitution, Laws, and Sentencing Guidelines of the United States.

### SENTENCING MEMORANDUM ON STATUTORY FACTORS

In the instant case, it is submitted on behalf of Ms. Torres that the court consider the various § 3553(a) factors as applied to this case and change the defendant's guideline range through variance or a downward departure to equal that of her statutory amount of 5 years. It is submitted that her guideline should be reduced to the statutory time under these factors a sentence is a reasonable sentence, especially due to the circumstances of Ms. Torres's involvement in the offense and her history and characteristics.

Section 3553 (a) states that "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider" the factors in subsections (a) (1) – (7). The Supreme Court has ruled that the Court must give due deference to a District Court's decision that the Section 3553(a) factors, on a whole, justify the extent of a variance.  Gall v. United States, 128 S.Ct. 586 (2007).

## 18 U.S.C. Section 3553 (a) (1): The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

Ms. Torres is currently married to the codefendant.  It is submitted to this Court that given the history of this Defendant and the nature of the offense, that the Court should strongly consider that the defendant's guideline range should be reduced to her statutory time.

## MEMORANDUM OF LAW

A similar case to the case at bar is in <u>United States v. Rowan</u>, Case No. 05-30536 (5th Cir. 2008). The circuit judge reviewed Mr. Rowan's history and characteristics along with the circumstances of the offense and after the District Court properly calculated his guidelines range at 46-57 months, the District Court then, rather than sentencing him to a term of imprisonment within this range, or even to a modest period of incarceration, sentenced him to a 60 month period of supervised release. The 5th Circuit withheld a final decision in this case pending <u>Gall v. United States</u>, 128 S.Ct. 586 (2007). Ultimately the 5th Circuit upheld the District Court's sentencing of Mr. Rowan to 60 months supervised release because the Supreme Court has ruled that the Court must give due deference to the District Court's decision, that the Section 3553(a) factors, on a whole, justify the extent of the variance. <u>Gall</u>, 128 S.Ct. at 597. Even if the 5th Circuit "might reasonably have concluded that a different sentence was appropriate, this is insufficient to justify reversal of the District Court." <u>Id.</u> Therefore, the District Court's, after properly calculating guideline range, and hearing arguments concerning appropriate sentences, and meticulously considering Section 3553(a) factors, properly concluded that a non-guideline sentence of 60 months of supervised release was appropriate.

The Court recently upheld a sentence of 60 months in a case in which the guidelines provided for a sentence of 188-235 months, based on Defendant's extensive post-offense rehabilitation. <u>United States v. Clay</u>, 483 F.3d. 739 (11th Cir., 2007). The Court stressed that based on the Defendant's post-offense conduct, the likelihood of any future criminal conduct on the part of the Defendant was remote. Clay went beyond minimal compliance with his bail conditions: he worked two jobs, he attended drug counseling sessions, and invited fellow addicts into his home to counsel them. He visited a juvenile detention center regularly to encourage

U.S. v. Torres  Case No. 08-80145-CR-Marra
Objection to PSI and Sentencing Memo
Page 4 of 6

young people to change their lives.

The court also approved a below guidelines sentence in **United States v. Gray**, 453 F.3d 1323 (11th Cir. 2006), in which the trial court imposed a 72 month sentence in a child pornography case, where the guidelines called for a 151 month sentence, based in part on the defendant's age, lack of "serious" criminal record and health.

Another below guideline sentence was approved in **United States v. Halsema**, 180 Fed. Appx. 103 (11th Cir. 2006). The defendant was sentenced to 24 months, less than half of the 57-month prescribed guideline sentence. The Eleventh Circuit held that the trial court's explicit reliance on the § 3553(a) factors supported the reasonableness of the decision.

Yet another below guideline sentence was approved in **United States v. Montgomery**, 165 Fed. Appx. 840 (11th Cir. 2006), where an eight-month prison sentence was given to a defendant convicted of bank fraud. Although the sentence was below the Sentencing Guidelines range, it was sufficient because the defendant had no criminal history, the defendant's ability to pay court-ordered restitution would be impaired by a lengthier sentence, and the defendant had a history of mental illness.

The government unsuccessfully challenged a below-guideline sentence in **United States v. Mathis**, No. 05-155 11, 2006 WL 2087568 (11th Cir. Jul. 26, 2006) (unpublished). The defendant, a public official, was convicted of Hobbs Act extortion and obstruction of justice. The Guideline range prescribed a sentence of 57 — 71 months; the court imposed a sentence of 36 months. The Eleventh Circuit affirmed, approving the lower court's reliance on the defendant's "commitment to public service," the monetary amount involved, and the absence of prior conviction.

The decision in **United States v. Williams** (Marcus), 435 F.3d 1350 (11th Cir. 2006),

U.S. v. Torres  Case No. 08-80145-CR-Marra
Objection to PSI and Sentencing Memo
Page 5 of 6

shows that dramatic deviations will be approved if supported by a statement of reasons. In **Williams**, the defendant sold $350 worth of crack cocaine. But because of his criminal history, he was classified as a career offender and his guideline sentence was properly calculated at 188 —235 months. Considering the various § 3553(a) factors, the district court sentenced the defendant to 90 months imprisonment. The Eleventh Circuit affirmed. Even though the Guidelines expressly prohibit a downward departure in a career offender case exceeding one criminal history category, the lower court's sentence in this case did not involve a "departure" and therefore, the limitation in the career offender provision was not controlling.

Even if these cases are decided against defendants' interests generally, it is submitted that the circumstances of this case and the application of the statutory factors here justify the imposition of a substantial reduction from the guideline range for Ms. Torres to equal that of her statutory 5 year term.

WHEREFORE, Ms. Torres requests that the court enter the aforementioned sentence below the advisory guideline range as the reasonable sentence considering the statutory factors, sustain his objection to the PSI, and for such other relief as is appropriate.

Respectfully submitted,

Nathan D. Clark, Esquire
CORAL REEF LAW OFFICES, P.A.
18330 Franjo Road
Palmetto Bay, Florida 33157
Tel.    (305) 255-7500
Fax    (305) 755-7040


By:    /s/Nathan D. Clark
       Nathan D. Clark

U.S. v. Torres  Case No. 08-80145-CR-Marra
Objection to PSI and Sentencing Memo
Page 6 of 6

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on October 1, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:   /s/Nathan D. Clark
        Nathan D. Clark